# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID KATZ, pro se; and ELIZABETH KATZ, pro se,<br><br>Plaintiffs,<br><br>vs.<br><br>AURORA LOAN SERVICES, LLC; MICHAEL COLEMAN; TFLG A LAW CORPORATION; SEAN H. BEDROSIAN; ERIC FERNANDEZ; YVONNE J WHEELER; CAL WESTERN RECONVEYANCE CORPORATION; and DOES 1-10,<br><br>Defendants. | CASE NO. 11-cv-1806 – IEG (POR)<br><br>ORDER GRANTING MOTION TO DISMISS [Doc. No. 8]. |

Plaintiffs David and Elizabeth Katz bring this action, alleging that Defendants' foreclosure proceedings and unlawful detainer action violated various provisions of the Fair Debt Collection Practices Act ("FDCPA"). Currently before the Court is Defendant Aurora Loan Services, LLC ("Aurora")'s motion to dismiss for failure to state a claim. Having considered the parties' arguments, and for the reasons set forth below, the Court **GRANTS** the motion.

## BACKGROUND

Plaintiffs are the owners of real property located at 903 Northwood Drive, Chula Vista, CA 91914 ("Property"). On August 22, 2006, they took out a loan in the amount of $1,000,000.00 with Summit Lending Solutions, Inc., secured by a promissory note and a deed of trust on the

1  Property.  (First Amended Complaint ("FAC"), Exs. A, B [Doc. No. 3-1].)  The Deed of Trust
2  listed Summit Lending Solutions, Inc. as the "lender" and Mortgage Electronic Registration
3  Systems, Inc. ("MERS") as a "nominee for Lender" and the "beneficiary" under the Deed of Trust.
4  (*Id.*, Ex. B.)  The Deed of Trust listed Fidelity National Title as the "trustee." (*Id.*)  On October
5  15, 2008, MERS executed a Substitution of Trustee, substituting Defendant Cal-Western
6  Reconveyance Corporation ("Cal Western") as the trustee under the Deed of Trust.  (*Id.*, Ex. D.)
7  The Substitution of Trustee was recorded on January 27, 2009.  (*Id.*)

8      On December 26, 2008, after Plaintiffs failed to make their payments on time, Cal Western
9  recorded a Notice of Default against the Property.  (*Id.*, Ex. C.)  On December 28, 2008, MERS
10  assigned all of the beneficial interest under the Deed of Trust to Aurora.  (*Id.*, Ex. I.)  The
11  assignment was recorded on August 26, 2010.  (*Id.*)  On July 27, 2009, Cal Western recorded a
12  Notice of Trustee's Sale against the Property, setting the sale for August 13, 2009.  (*Id.*, Ex. G.)
13  The Property was sold to Aurora at a trustee's sale on August 13, 2010.  (*Id.*, Ex. H.)

14      On March 19, 2011, Aurora served Plaintiffs with a three-day Notice to Vacate.  (Aurora's
15  RJN, Ex. A.)  After Plaintiffs failed to vacate, Aurora commenced an unlawful detainer action on
16  March 25, 2011.  (*Id.*)

17      Plaintiffs commenced this action on August 12, 2011.  On October 3, 2011, Plaintiffs filed
18  their FAC, alleging six causes of action for violation of the FDCPA.  Aurora filed the present
19  motion to dismiss on October 28, 2011.  Plaintiffs filed an opposition, and Aurora replied.  The
20  Court took this matter under submission pursuant to Civil Local Rule 7.1(d)(1).

21  **LEGAL STANDARD**

22      A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests
23  the legal sufficiency of the pleadings.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  "To
24  survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to
25  'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949
26  (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "The plausibility standard
27  is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a
28  defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a

defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (internal citation omitted). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In ruling on a motion to dismiss, the court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). The court, however, need not accept "legal conclusions" as true. *Iqbal*, 129 S. Ct. at 1949. Thus, "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. It is also improper for the court to assume that plaintiff "can prove facts that it has not alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1950.

## DISCUSSION

Plaintiffs' FAC contains six causes of action, each alleging various violations of the FDCPA, 15 U.S.C. § 1692 et seq. Common to each cause of action is the allegation that each Defendant qualifies as a "debt collector" under the FDCPA, 15 U.S.C. § 1692a(6). The six causes of action state and restate the following violations of the FDCPA against each Defendant: (1) 15 U.S.C. § 1692e(2) by falsely representing the character, amount, or legal status of the debt; (2) 15 U.S.C. § 1692e(10) by the use of false representation or deceptive means to collect or attempt to collect the debt or to obtain information concerning the consumer; (3) 15 U.S.C. § 1692f(1) by collecting of amount not expressly authorized by the agreement creating the debt or permitted by law; (4) 15 U.S.C. § 1692g(b), which requires the debt collector to cease collection of the debt when notified by the consumer in writing within the prescribed thirty-day period that the debt is disputed; (5) 15 U.S.C. § 1692e(6) by sale or transfer of the interest in the debt causing the consumer to lose a claim or defense; (6) 15 U.S.C. § 1692f(6) by taking or threatening to unlawfully repossess the property; and (7) 15 U.S.C. § 1692g by failing to send to Plaintiffs a written notice required by that section within the required five-day period.

Aurora moves to dismiss Plaintiffs' FAC on several grounds. First, it argues that the FAC should be dismissed in its entirety for failure to comply with Rules 8 and 9(b) of Federal Rules of Civil Procedure. Next, Aurora argues the FAC fails to state a cause of action under the FDCPA because Aurora is not a "debt collector" under the FDCPA, and because neither the foreclosure proceedings nor an unlawful detainer action constitute "debt collection" under the FDCPA. Finally, Aurora contends the FAC fails to allege sufficient facts to support the FDCPA claims.

**I.      Aurora is a debt collector under the FDCPA**

To be liable for a violation of the FDCPA, the defendant "must—as a threshold requirement—fall within the Act's definition of 'debt collector.'" *Izenberg v. ETS Servs., LLC*, 589 F. Supp. 2d 1193, 1198-99 (C.D. Cal. 2008) (citing *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995), and *Romine v. Diversified Collection Servs.*, 155 F.3d 1142, 1146 (9th Cir. 1998)). Under the FDCPA, the term "debt collector" means "any person who uses any instrumentality . . . in any business the principal purpose of which is the collection of any debts." 15 U.S.C. § 1692a(6). The term does not include any person who collects any debt owed or due to the extent such activity concerns a debt which "was originated by such person" or "was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(ii), (iii). Thus, the FDCPA's definition of debt collector "'does not include the consumer's creditors, a mortgage servicing company, or any assignee of the debt, *so long as the debt was not in default at the time it was assigned.*'" *Nool v. HomeQ Servicing*, 653 F. Supp. 2d 1047, 1053 (E.D. Cal. 2009) (quoting *Perry v. Steward Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985)) (emphasis added).

In the present case, the FAC sufficiently alleges that Aurora is a debt collector. As Aurora itself acknowledges, the Notice of Default against the Property was recorded on December 26, 2008. (FAC, Ex. C.) Aurora acquired all of the beneficial interest under the Deed of Trust from MERS two days later, on December 28, 2008. (*Id.*, Ex. I.) Accordingly, because Aurora appears to be in the business "the principal purpose of which is the collection of any debts," and because it obtained the debt in the present case *after* it was already in default, the FAC sufficiently alleges that Aurora qualifies as a debt collector under the FDCPA. *See* 15 U.S.C. § 1692a(6).

///

**II.     Aurora's actions are covered by the FDCPA**

The Court is not persuaded that Aurora's foreclosure actions are fully exempted from the FDCPA. It is true that, as Aurora argues, numerous district courts have concluded that the activity of foreclosing on a property pursuant to a deed of trust does not constitute "debt collection" under the FDCPA.[1] This proposition, however, is far from well-settled. *See, e.g.*, *Allen v. United Fin. Mortg. Corp.*, No. 09-2507 SC, 2010 WL 1135787, at *6 (N.D. Cal. Mar. 22, 2010) (noting that although this proposition has been "widely adopted among the district courts" in the Ninth Circuit, it has been "called into question" by several Courts of Appeal); *Jara v. Aurora Loan Servs.*, No. C 11-00419 LB, 2011 WL 6217308, at **4-5 (N.D. Cal. Dec. 14, 2011) (questioning the categorical rule that foreclosure pursuant to the deed of trust does not constitute "debt collection").

While the Ninth Circuit does not appear to have opined on this issue, several other Courts of Appeal have concluded that foreclosing on a property pursuant to a deed of trust or some other lien *does* constitute debt collection under the FDCPA. *See, e.g.*, *Kaltenbach v. Richards*, 464 F.3d 524, 528-29 (5th Cir. 2006) ("We therefore hold that a party who satisfies § 1692a(6)'s general definition of a 'debt collector' is a debt collector for the purposes of the entire FDCPA even when enforcing security interests."); *Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373, 376 (4th Cir. 2006) ("Wilson's 'debt' remained a 'debt' even after foreclosure proceedings commenced."); *Piper v. Portnoff Law Assocs.*, 396 F.3d 227, 234 (3d Cir. 2005) ("The fact that the [Pennsylvania Municipal Claims and Tax Liens Act] provided a lien to secure the Pipers' debt does not change its character as a debt or turn PLA's communications to the Pipers into something other than an effort to collect that debt."); *Romea v. Heiberger & Assocs.*, 163 F.3d 111, 116 (2d Cir. 1998) (concluding that an eviction notice required by statute could also be an attempt to collect a debt). Specifically, the Court finds the reasoning of the Fourth Circuit persuasive:

---

[1] *See, e.g.*, *Anokhin v. BAC Home Loans Servicing, LLP*, No. 2:10-cv-00395-MCE-EFB, 2010 WL 5393972, at *3 (E.D. Cal. Dec. 22, 2010); *Miller v. Wells Fargo Home Mortg.*, No. CIV S-10-0284 GEB DAD PS, 2010 WL 3431802, at *7 (E.D. Cal. Aug. 31, 2010); *Angulo v. Countrywide Home Loans, Inc.*, No. 1:09-CV-877-AWI-SMS, 2009 WL3427179, at *5 (E.D. Cal. Oct. 26, 2009); *Walker v. Equity 1 Lenders Group*, No. 09cv325 WQH (AJB), 2009 WL 1364430, at *7 (S.D. Cal. May 14, 2009); *Izenberg*, 589 F. Supp. 2d at 1199; *Tina v. Countrywide Home Loans, Inc.*, No. 08 CV 1233 JM (NLS), 2008 WL 4790906, at *7 (S.D. Cal. Oct. 30, 2008); *Hulse v. Ocwen Fed. Bank, FSB*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002).

> We disagree with Defendants' argument that they were not acting in connection with a "debt." Defendants notified Wilson that she was in "default in [her] Deed of Trust Note payable to the Lender ... [and] that the Lender [had] accelerated the debt." Defendants informed Wilson that her failure to make mortgage payments entitled Chase to immediate payment of the balance of her loan, as well as fees, penalties, and interest due. These amounts are all "debts" under the Act, because they were "obligation[s] ... to pay money arising out of a transaction in which the ... property ... which [is] the subject of the transaction [is] primarily for personal, family, or household purposes." 15 U.S.C.A. § 1692a(5).
>
> Defendants contend that foreclosure by a trustee under a deed of trust is not the enforcement of an obligation to pay money or a "debt," but is a termination of the debtor's equity of redemption relating to the debtor's property. In essence, Defendants argue that Wilson's "debt" ceased to be a "debt" once foreclosure proceedings began. Defendants rely on reported and unreported district court decisions, . . . which reasoned that "foreclosing on a deed of trust is an entirely different path [than collecting funds from a debtor]. Payment of funds is not the object of the foreclosure action. Rather, the lender is foreclosing its interest in the property."
>
> We disagree. Wilson's "debt" remained a "debt" even after foreclosure proceedings commenced. Furthermore, Defendants' actions surrounding the foreclosure proceeding were attempts to collect that debt.
>
> Defendants' argument, if accepted, would create an enormous loophole in the Act immunizing any debt from coverage if that debt happened to be secured by a real property interest and foreclosure proceedings were used to collect the debt. We see no reason to make an exception to the Act when the debt collector uses foreclosure instead of other methods.

*Wilson*, 443 F.3d at 376 (most internal citations omitted); *see also Allen*, 2010 WL 1135787, at *6 (finding *Wilson* "compelling," although not necessarily controlling, and denying defendant's motion to dismiss plaintiff's FDCPA claim); *Carter v. Deutsche Bank Nat'l Trust Co.*, No. C09-3033 BZ, 2010 WL 1875718, at **1-2 (N.D. Cal. May 7, 2010) (relying in part on *Wilson* in denying defendant's motion to dismiss plaintiff's FDCPA claim against a foreclosure trustee).

Because Plaintiffs' mortgage constitutes an obligation to pay money that arose out of a transaction in which the property was primarily for personal, family, or household purposes, it appears to qualify as a "debt" as defined by 15 U.S.C. § 1692a(5). Aurora has failed to provide a good argument to the contrary. This "debt" remained a "debt" even after Defendants commenced non-judicial foreclosure proceedings. *See Wilson*, 443 F.3d at 376. As the Fourth Circuit stated in *Wilson*, to hold otherwise "would create an enormous loophole in the Act immunizing any debt from coverage if that debt happened to be secured by a real property interest and foreclosure proceedings were used to collect the debt." *Id.* The Court is not prepared to do so at this time,

especially in light of Aurora's conclusory argument on this issue.

### III.     Liability under the FDCPA

Nonetheless, the Court agrees with Aurora that Plaintiffs' FDCPA claims should be dismissed because they fail to allege sufficient facts to state a claim to relief that is plausible on its face. *See Iqbal*, 129 S. Ct. at 1949.  Rather, Plaintiffs merely repeat the same legal conclusions in each of their six causes of action, without providing any factual basis for the liability.

First, Plaintiffs allege all Defendants violated 15 U.S.C. § 1692e(2) by falsely representing the character, amount, or legal status of the debt, but they do not provide any facts as to *what* was falsely represented or *by whom*.  Second, Plaintiffs allege all Defendants violated 15 U.S.C. § 1692e(10) by the use of false representation or deceptive means to collect or attempt to collect the debt or to obtain information concerning the consumer, but again fail to provide any facts as to *what* deceptive means were used.  Third, Plaintiffs allege all Defendants violated 15 U.S.C. § 1692f(1) by collecting of amount not expressly authorized by the agreement creating the debt or permitted by law, but again fail to elaborate on this allegation.

Fourth, Plaintiffs allege Defendants violated 15 U.S.C. § 1692g(b), which requires the debt collector to cease collection of the debt when notified by the consumer in writing within the prescribed thirty-day period that the debt is disputed.  Plaintiffs, however, fail to demonstrate that they notified Defendants within the necessary thirty-day period. Rather, the only notification that Plaintiffs sent to Defendants was their "Notice of Debt Validation Demand Pursuant to the Federal Debt Collection Practices Act; Notice and Demand to Stop Foreclosure Until Validation Is Complete; Notice of Adverse Claim Pursuant to Article 8 of California's Commercial Code; Notice of Statement of Account of Zero ($0.00); Demand for Authority to Act; Notice of Intent to Sue, ETC." ("Notice of Demand").  (*See* FAC, Ex. J.)  The Notice of Demand was sent on August 3, 2011, which was more than thirty one *months* after Plaintiffs received the Notice of Default and almost a year after the Property had already been sold to Aurora at the foreclosure sale.

Fifth, Plaintiffs allege Defendants violated 15 U.S.C. § 1692e(6), which prohibits false representation or implication that a sale or transfer of the interest in the debt would cause the consumer to lose a claim or defense, but fail to specify *what* false representations were made.

1  Sixth, Plaintiffs allege Defendants violated 15 U.S.C. § 1692f(6) by taking or threatening to
2  unlawfully repossess the property, but fail to provide any facts from which the Court can
3  determine whether Defendants' attempt to repossess the property was "unlawful."  Finally,
4  Plaintiffs allege Defendants violated 15 U.S.C. § 1692g by failing to send to Plaintiffs a written
5  notice within five days after the initial communication with them about the debt, but fail to
6  indicate *when* the initial communication regarding the debt took place.

7      Overall, Plaintiffs fail to specifically allege how each of Defendants has violated any of the
8  FDCPA provisions.  Thus, it is impossible for any of Defendants and the Court to discern as to
9  what allegations are being made as to what Defendants.

10     Accordingly, because Plaintiffs' claims provide no more than conclusory allegations as
11 well as legal conclusions, they fail to state a claim to relief that is plausible on its face.  *See Iqbal*,
12 129 S. Ct. at 1949 (the court need not accept "legal conclusions" as true); *Twombly*, 550 U.S. at
13 555 ("[A] formulaic recitation of the elements of a cause of action will not do.").

14                              **CONCLUSION**

15     The Court hereby **GRANTS** Aurora's motion to dismiss and **DISMISSES** all of Plaintiffs'
16 claims **WITH LEAVE TO AMEND**.  Plaintiffs shall have **21 days** from the filing of this Order to
17 file a Second Amended Complaint curing the deficiencies described above.  The amended
18 complaint should be a complete document without reference to any prior pleading and should not
19 add any new causes of action.

20     **IT IS SO ORDERED.**
21 **Date:  January 10, 2012**                    _____
22                                                **IRMA E. GONZALEZ, Chief Judge**
                                                  **United States District Court**