# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID KATZ, pro se; and ELIZABETH KATZ, pro se, <br><br> Plaintiffs, <br><br> vs. <br><br> AURORA LOAN SERVICES, LLC; MICHAEL COLEMAN; TFLG A LAW CORPORATION; SEAN H. BEDROSIAN; ERIC FERNANDEZ; YVONNE J WHEELER; CAL WESTERN RECONVEYANCE CORPORATION; and DOES 1-10, <br><br> Defendants. | CASE NO. 11-cv-1806 – IEG (POR) <br><br> ORDER DENYING MOTION FOR SANCTIONS [Doc. No. 13]. |

Plaintiffs David and Elizabeth Katz bring this action, alleging that Defendants' foreclosure proceedings and unlawful detainer action violated various provisions of the Fair Debt Collection Practices Act ("FDCPA"). Currently before the Court is Defendants TFLG, Sean H. Bedrosian, and Eric Fernandez (collectively, "TFLG")'s motion for sanctions pursuant to Rule 11 of Federal Rules of Civil Procedure. For the reasons set forth below, the Court **DENIES** the motion.

## BACKGROUND

Plaintiffs are the owners of real property located at 903 Northwood Drive, Chula Vista, CA 91914 ("Property"). On August 22, 2006, they took out a loan in the amount of $1,000,000.00 with Summit Lending Solutions, Inc., secured by a promissory note and a deed of trust on the Property. (First Amended Complaint ("FAC"), Exs. A, B [Doc. No. 3-1].) The Deed of Trust listed Summit Lending Solutions, Inc. as the "lender" and Mortgage Electronic Registration

1  Systems, Inc. ("MERS") as a "nominee for Lender" and the "beneficiary" under the Deed of Trust.
2  (*Id.*, Ex. B.)  The Deed of Trust listed Fidelity National Title as the "trustee."  (*Id.*)  On October
3  15, 2008, MERS executed a Substitution of Trustee, substituting Defendant Cal-Western
4  Reconveyance Corporation ("Cal Western") as the trustee under the Deed of Trust.  (*Id.*, Ex. D.)
5  On December 26, 2008, after Plaintiffs failed to make their payments on time, Cal Western
6  recorded a Notice of Default against the Property.  (*Id.*, Ex. C.)  On December 28, 2008, MERS
7  assigned all of the beneficial interest under the Deed of Trust to Aurora Loan Services, LLC
8  ("Aurora").  (*Id.*, Ex. I.)  On July 27, 2009, Cal Western recorded a Notice of Trustee's Sale
9  against the Property, setting the sale for August 13, 2009.  (*Id.*, Ex. G.)  The Property was sold to
10 Aurora at a trustee's sale on August 13, 2010.  (*Id.*, Ex. H.)
11 On August 18, 2010, Aurora retained TFLG to pursue its right to possess the Property.
12 (*See* Fernandez Decl. ¶¶ 2, 13 [Doc. No. 13-2].)  Aurora's title to the Property was perfected and a
13 Trustee's Deed Upon Sale conveying title to Aurora was recorded on August 26, 2010.  (*See id.* ¶
14 11; *see also id.* Ex. D.)  On March 19, 2011, TFLG served Plaintiffs with a three-day Notice to
15 Vacate.  (*Id.* ¶ 14; *see also id.*, Exs. E, F.)  After Plaintiffs failed to vacate, Aurora commenced an
16 unlawful detainer action on March 25, 2011.  (*Id.* ¶¶ 17-18.)  On June 13, 2011, TFLG obtained a
17 default judgment against Elizabeth Katz.  (*Id.* ¶ 22.)  On October 25, 2011, after the case had been
18 continued several times, Aurora filed a Request for Dismissal.  (*Id.* ¶¶ 23-27.)
19 Plaintiffs commenced this action on August 12, 2011.  On October 3, 2011, Plaintiffs filed
20 their FAC, alleging six causes of action for violation of the FDCPA.  On October 24, 2011,
21 attorney Noah M. Bean spoke with David Katz via telephone and informed him of TFLG's intent
22 to serve Plaintiffs with a motion for sanctions.  (Bean Decl. ¶ 2 [Doc. No. 13-6].)  Bean indicated
23 that TFLG intended to file the motion for sanctions after the 21-day safe harbor period, unless the
24 issues discussed therein were not addressed.  (*Id.*)  Bean sent a follow-up email to David Katz on
25 October 25, 2011, regarding the telephone conversation of October 24, 2011.  (*Id.* ¶ 3, Ex. A.)  On
26 November 21, 2011, TFLG filed the present motion for sanctions.  Plaintiffs have not filed an
27 opposition to TFLG's motion.  On December 30, 2011, TFLG filed a reply to the non-opposition.
28 The Court took this matter under submission pursuant to Civil Local Rule 7.1(d)(1).

**LEGAL STANDARD**

Rule 11 sanctions are warranted when a party files a lawsuit or motion that is frivolous, legally unreasonable, without factual foundation, or is otherwise brought for an improper purpose. *Warren v.Guelker*, 29 F.3d 1386, 1388 (9th Cir.1994). Under the plain language of Rule 11, when one party seeks sanctions against another, the Court must first determine whether any provision of Rule 11(b) has been violated. *Id.* at 1389. If the Court determines that Rule 11(b) has been violated, the Court "may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). "If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2).

Although Rule 11 applies to *pro se* plaintiffs, the Court can properly consider a plaintiff's *pro se* status when it determines whether the conduct at issue was reasonable. *Warren*, 29 F.3d at 1390. Although the Court will read *pro se* complaints liberally, "they still may be frivolous if filed in the face of previous dismissals involving the exact same parties under the same legal theories." *Id.* (quoting *Kurkowski v. Volcker*, 819 F.2d 201, 204 (8th Cir. 1987)). The Court may not decline to impose any sanction if a violation has occurred solely because a plaintiff is proceeding *pro se*. *Simpson v. Lear Electronics Corp.*, 77 F.3d 1170, 1177 (9th Cir. 1995).

**DISCUSSION**

In this case, TFLG seeks terminating and monetary sanctions against Plaintiffs. TFLG argues that sanctions are proper because Plaintiffs sued it for violations of the FDCPA, even though TFLG was not involved in the foreclosure proceedings, and because its involvement in the unlawful detainer action on behalf of Aurora is protected by California's litigation privilege. TFLG further alleges that it is "patently obvious that Plaintiffs named TFLG in the Complaint for the sole purpose of harassing, vexing and punishing TFLG" for its representation of Aurora in the unlawful detainer action. (Def. Motion for Sanctions, at 4 [Doc. No. 13-1].)

The Court declines to impose sanctions in this case. Although Rule 11 applies to *pro se* plaintiffs, the Court can properly consider a plaintiff's *pro se* status when it determines whether the conduct at issue was reasonable. *Warren*, 29 F.3d at 1390. In this case, TFLG does not

1  dispute that it sent communications to Plaintiffs regarding the Notice to Vacate and the unlawful
2  detainer action.  (*See* Fernandez Decl. ¶¶ 14, 17-18; *see also id.*, Exs. E, F.)  Moreover, TFLG
3  expressly does not challenge the merits of Plaintiffs' claims against other Defendants.  (*See* Def.
4  Motion for Sanctions, at 4.)  Accordingly, the Court may assume that Plaintiffs' claims against
5  other Defendants have some merit.  On these facts, a *pro se* plaintiff could reasonably have
6  concluded that TFLG was somehow connected with the prior foreclosure proceedings, and
7  therefore similarly liable under the FDCPA.  Moreover, although TFLG's conduct might be
8  protected under the California's litigation privilege, the Court cannot say it was not reasonable for
9  a *pro se* plaintiff to believe that TFLG could be liable for commencing an improper unlawful
10 detainer action.  *See Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 892 F.2d 802, 811 (9th
11 Cir. 1989) (although *pro se* litigants are held to an objective standard of reasonableness under Rule
12 11, what is objectively reasonable for a *pro se* litigant and for an attorney may not be the same).

13        Crucially, this is not a case where Plaintiffs have filed a complaint that they should have
14 known was frivolous "in the face of previous dismissals involving the exact same parties under the
15 same legal theories."  *See Warren*, 29 F.3d at 1390 (quoting *Kurkowski*, 819 F.2d at 204).  Nor is
16 there strong evidence that Plaintiffs' sole purpose in naming TFLG as a defendant was to harass,
17 vex, or punish TFLG for its commencement of the unlawful detainer action.  Accordingly, the
18 Court does not believe that Rule 11 sanctions are proper in this case.  *See Zhang v. Honeywell*
19 *Int'l, Inc.*, Nos. CV-06-1181-PHX-MHM, CV-07-1790-PHX-MHM, 2008 WL 2559403, at **2-3
20 (D. Ariz. June 23, 2008) (considering plaintiff's *pro se* status in declining to impose sanctions on
21 three of the four grounds urged by defendant); *Green Tree Serv., LLC v. Shoemaker*, No. C05-
22 54104JB, 2005 WL 1667758, at *4 (W.D. Wash. July 15, 2005) (considering defendant's *pro se*
23 status as one factor in declining to impose Rule 11 sanctions for improper removal).

24                                              **CONCLUSION**
25        For the foregoing reasons, TFLG's motion for sanctions is **DENIED.**
26   **IT IS SO ORDERED.**
27   **Date: January 10, 2012**                   _____
28                                                **IRMA E. GONZALEZ, Chief Judge**
                                                  **United States District Court**